# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| MELODIE SHULER, | ) |
| Petitioner, | ) ) ) |
| v. | ) CV422-140 |
| SHERIFF WILLIAM BOWMAN, | ) ) ) |
| Respondent. | ) ) |

# **REPORT AND RECOMMENDATION**

*Pro se* petitioner Melodie Shuler has filed the instant petition for release from state custody, which, as discussed below, the Court construes as a petition pursuant to 28 U.S.C. § 2241. *See generally* doc. 1. After the Clerk notified her of her failure to pay the filing fee or request leave to proceed *in forma pauperis*, *see* doc. 2, she moved for leave to proceed *in forma pauperis*, *see* doc. 4. For jurisdictional purposes only, that motion is **GRANTED**.[1] Doc. 4. She also filed an Amended Petition.

---

[1] It is not clear that Shuler is entitled to proceed *in forma pauperis*. Her motion discloses a balance in her prison trust account of $11.38 and deposits of $150. *See* doc. 4 at 2. Since, as explained below, the Petition should be dismissed, further inquiry into Shuler's financial situation is moot. *Cf. White v. Lemma*, 947 F.3d 1373, 1378 (11th Cir. 2020); *see also Rodgers on Behalf of Jones v. Bowen*, 790 F.2d 1550, 1552 (11th Cir. 1986) (citation omitted) (noting that the Eleventh Circuit has "expressly rejected the theory that timely payment of a filing fee is a jurisdictional requirement . . . .").

1

*See* doc. 3. The Court proceeds to screen the Amended Petition. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .");[2] *see also, e.g., Gresham v. Williams*, 2018 WL 9814418, at *3 (M.D. Ga. Jan. 3, 2018) (citing *Calhoun v. Bergh*, 769 F.3d 409, 410-11 (6th Cir. 2014)) (an amended habeas corpus petition supersedes the original petition).

Shuler's Amended Petition is handwritten and does not identify a specific statutory basis. *See generally* doc. 3. The substance of her allegations makes clear, however, that she is a pretrial detainee in the custody of the Liberty County Sheriff. *See, e.g., id.* at 1 (referring to a "notice of arraignment"), 2 (referring to a "warrant . . . issued for [her] detainment/arrest/and incarceration"). She seeks immediate release. *See id.* at 7 ("I pray for my release from my unlawful confinement."). The details of the process she alleges are less clear. She alleges that a warrant was "filed for" by an officer "who filed a prior false charge against [her]." *Id.* at 3. Bond was set, *id.* at 4 ("Judge Silverman then made [her]

---

[2] The Rules Governing Section 2254 Cases also govern petitions pursuant to § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

bond $1,000 for each charge, 5/2/22."), and Shuler alleges that she "bonded out," *id.*. After her release on bond, an officer "filed [a] frivolous, false charge" that resulted in her renewed incarceration. *See id.* at 4-5. Finally, she alleges that the current charge "is legally impossible and factually incorrect." *Id.* at 5. From the allegations in the petition, it appears that all of the issues relate to a domestic dispute. *See id.* at 1 (alleging charges pursuant to O.C.G.A. § 16-5-95); *see also* O.C.G.A. § 16-5-95 (Violation of family violence order).

Although the precise details of Shuler's Amended Petition are not clear, as discussed above, it is sufficiently clear for the Court to determine that she is a pretrial detainee. As such, her Amended Petition is construed as a petition pursuant to 28 U.S.C. § 2241. *See, e.g., Hiteshaw v. Butterfield*, 262 F. App'x 162, 164 (11th Cir. 2008) ("[A] pre-trial detainee . . . is not in custody pursuant to any state court judgment, and his habeas petition should . . . [be] treated as a § 2241 petition."); *see also Evans v. Roundtree*, 2021 WL 6205825, at *2 (S.D. Ga. Dec. 2, 2021).[3]

The Eleventh Circuit has recently explained that "a district court may not grant a § 2241 petition unless the petitioner has exhausted all

---

[3] *Evans* notes that "[a] Court should typically give the litigant a chance to respond

3

available state remedies." *Johnson v. Florida*, 32 F.4th 1092, 1095-96 (11th Cir. 2022) (internal quotation marks and citation omitted).  The Court explained that exhaustion has two essential elements: (1) "a federal claim must be fairly presented to the state courts," and (2) "a prisoner must take his claim to the state's highest court, either on direct appeal or collateral review." *Id.* at 1096 (internal quotation marks and citations omitted).  Since Shuler's petition does not indicate that she has presented any claim to a state court, much less taken them to the state's highest court, her Petition should be **DISMISSED** as unexhausted.

This Court should also abstain from hearing this case pursuant to the Supreme Court's opinion in *Younger v. Harris*, 401 U.S. 37 (1971); *see also Johnson*, 32 F.4th and 1099 (explaining that unexhausted § 2241 petition "is barred for another independent reason: the application of the abstention doctrine under *Younger v. Harris* . . . .").  The Eleventh Circuit

---

to a potential recharacterization because the change might make it significantly more difficult for that litigant to file anther such motion due to restrictions on successive petitions." *Evans*, 2021 WL 6205825, at *2 (citing *Castro v. United States*, 540 U.S. 375, 382 (2003)).  Unlike *Evans*, the Court here is required to construe the Amended Petition for the first time.  Moreover, as *Evans* observed, the risk of recharacterization also does not exist "[b]ecause this petition will be dismissed without prejudice on procedural grounds . . . [so] Petitioner will not be subject to the restrictions on successive petitions if [she] chooses to file another petition upon exhaustion of state remedies." *Id.*

4

has recently denied a Certificate of Appealability in a state pre-trial detainee's habeas proceeding, concluding that "reasonable jurists would not debate" that dismissal of a § 2241 petition was proper, pursuant to *Younger*. *See Lewis v. Broward Cnty. Sheriff Office*, 2021 WL 5217718, at *1 (11th Cir. Nov. 9, 2021). The Court explained that "when a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the *Younger* abstention hurdles before the federal courts can grant such relief.'" *Id.* (quoting *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004)).

"The Supreme Court set out three exceptions to the [*Younger*] abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate, alternative state forum where the constitutional issues can be raised." *Lewis,* 2021 WL 5217718, at * 1 (citing *Younger*, 401 U.S. at 45, 53-54). The court concluded: "Application of the *Younger* abstention doctrine is, therefore, appropriate when the federal constitutional claims at issue can be raised in an ongoing state court proceeding and the individual seeking relief has not established that he lacks an adequate opportunity to present those claims in the state proceeding." *Id.* (citing

*Younger*, 401 U.S. at 49). Although Shuler contends that the charges against her are "frivolous" and "false," *Younger* requires more. *See, e.g., Hudson v. Hubbard*, 358 F. App'x 116, 118 (11th Cir. 2009) (explaining *Younger* exception requires "a 'substantial allegation' showing actual bad faith."). It appears that any alleged deficiencies in Shuler's prosecution could be asserted to the state court. Shuler's arguments are, therefore, "a classic case for *Younger* abstention." *Johnson*, 32 F.4th at 1102.

It is clear from the face of Shuler's Amended Petition, therefore, that her claims are unexhausted and barred by *Younger* abstention. Accordingly, the petition should be **DISMISSED**.[4] This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document

---

[4] Though a *pro se* plaintiff normally should be given an opportunity to amend a pleading at least once, *see, e.g., Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014), "a district court need not allow amendment if the amended complaint would still be subject to dismissal," *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Shuler's claims do not appear amendable. Nevertheless, Shuler is free to submit a Second Amended Petition within the fourteen-day objections period, discussed below, if she believes she can address the defects in her pleading. The Clerk is **DIRECTED** to enclose copies of Forms AO 241 (Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254) and AO 242 (Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241) with this Report and Recommendation for Shuler's convenience.

should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not

be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 13th day of June, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA