IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MELODIE SHULER, | |
| Petitioner, | CIVIL ACTION NO.: 4:22-cv-140 |
| v. | |
| SHERIFF WILLIAM BOWMAN, | |
| Respondent. | |

**O R D E R**

Petitioner Melodie Shuler filed this petition, pursuant to 28 U.S.C. § 2241, to challenge her pretrial detention by the Sheriff of Liberty County, Georgia. (See doc. 6, p. 2.) The Magistrate Judge recommended that any claim for relief asserted by Shuler be dismissed because she failed to exhaust available state remedies, (see doc. 6, pp. 3-4), and because the Court should abstain from hearing this case pursuant to Younger v. Harris, 401 U.S. 37 (1971), (see id., pp. 4-6). Shuler objected to that recommendation, (doc. 8), and submitted a Second Amended Petition, (doc. 7). Shuler's Objection also included a request for additional time to object to the Report and Recommendation. (Doc. 8, p. 1; see also doc. 10.) Since the document was not signed, the Clerk sent two notices, one identifying the document as an objection and the other identifying it as a motion. (See docs. 9 & 11.) Shuler did not respond to either notice. The Notices have been returned by the Post Office. (See doc. 12.)

The Federal Rules require that "every pleading, written motion, and other paper must be signed . . . ." Fed. R. Civ. P. 11(a). The Rule is equally clear that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's

attention." Id.  Since Shuler failed to timely correct the defect in her Objections and Request for Extension of Time, those pleadings and motion are not properly before the Court.  The Clerk is **DIRECTED** to **TERMINATE** her Motion.  Doc. 10.  Shuler's failure to respond to the Clerk's notices also constitutes a failure to prosecute this case, which provides an independent basis for dismissal.  Fed. R. Civ. P. 41(b).

Notwithstanding Shuler's failure to respond to the Clerk's notice and correct the defects in her Objections and Motion, Shuler also submitted a Second Amended Petition.  (Doc. 7.)  The Court has reviewed that Petition to determine whether it addresses any of the defects in her Amended Petition identified by the Magistrate Judge.  It does not.  The Second Amended Petition alleges that Shuler has taken some steps to exhaust available state remedies, by filing a petition for habeas corpus with the Superior Court of Liberty County, Georgia.  (Id., p. 2.)  Despite her allegation, the exhaustion required to file a § 2241 petition in federal court requires that "a prisoner . . . take his claim to the state's highest court, either on direct appeal or on collateral review."  Johnson v. Florida, 32 F.4th 1092, 1096 (11th Cir. 2022).  To the extent that her allegations might suggest her contention that exhaustion of state remedies is futile, they are insufficient.[1]  See id. at 1097 ("To establish futility, [a petitioner] must demonstrate that the state court has unreasonably or without explanation failed to address the petitions for relief.")

Her Second Amended Petition also includes a response to the Magistrate Judge's determination that the Court should abstain from hearing this case, pursuant to Younger v. Harris, 401 U.S. 37 (1971).  (See doc. 7, p. 7.)  She states that her case presents "a clear example" of the

---

[1] Shuler's allegations concerning the difficulties she has encountered in pursuing her state habeas petition are inscrutable.  She alleges that she has not been provided with "forms" and that she has encountered obstacles to "service."  (Doc. 7, p. 2 ("I can't appeal the [state] Petition not going forward because they are preventing service by denying me papers by simply mailing summons and waiver of fees yet on June 23, 2022 personally served me with copies of Petition."))  Despite her allegations concerning procedural obstacles, she does allege that she had the opportunity to speak to a "Judge" about her petition.  (Id.)

2

bad-faith prosecution exception to Younger abstention. (Id.) To the extent that the Court can understand the substance of her allegations, she disputes the prosecuting authorities' interpretation of prior "orders." (Id. ("[B]oth the police department and prosecutors are claiming I had an order which states things it absolutely does not. . . . Both the police department and prosecutors have conspired together in refusing to acknowledge the existence of my prior order of protection to prevent the liability of basis my traffic tickets will not be [illegible] in the municipal court and [illegible].")) Even assuming those allegations allege bad faith at all, in the sense required by the exception, they are not the "substantial allegations" required. See, e.g., Hudson v. Hubbard, 358 F. App'x 116, 118 (11th Cir. 2009) (noting that "state proceedings are accorded a presumption of propriety," and application of the bad-faith exception requires "a 'substantial allegation' showing actual bad faith." (citation omitted)). Nothing in Shuler's Second Amended Petition, therefore, undermines the Magistrate Judge's conclusion that these proceedings are "barred by Younger abstention." (Doc. 6, p. 6.)

Accordingly, the Magistrate Judge's Report and Recommendation is **ADOPTED**. (Doc. 6.) Shuler's § 2241 petition is **DISMISSED** as unexhausted and barred by Younger abstention. Alternatively, her petition is **DISMISSED** for her failure to prosecute this case. See Fed. R. Civ. P. 41(b); see also Ashley-Mobley v. Kilgore, 2020 WL 9595120, at *1 (N.D. Ala. Mar. 9, 2020) (recommending dismissal of § 2241 petition, pursuant to Rule 41, for failure to prosecute), adopted 2020 WL 9595122 (N.D. Ala. Apr. 8, 2020). Applying the Certificate of Appealability (COA) standards, which are set forth in Brown v. United States, 2009 WL 307872, at *1-*2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); see Alexander v. Johnson, 2011 FD.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there

are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal is likewise **DENIED**. 28 U.S.C. § 1915(a)(3). The Court **DIRECTS** the Clerk of Court to **CLOSE** this case.

**SO ORDERED**, this 2nd day of November, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA